IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS L. PRICE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1275-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas L. Price seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled as a result of chronic pain and depression. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on January 16, 2007. At the time of the hearing, plaintiff was 39 years old. He is a high school graduate with some college credit and specialized training in Microsoft engineering. His past work experience includes jobs as a network systems coordinator, an IT operations manager, an EDI programmer, a data processing operations manager, a network engineer, an e-commerce webmaster, and a contract negotiator. Plaintiff has not engaged in substantial gainful activity since July 2, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from degenerative joint disease,

major depressive disorder, mixed personality disorder, and polysubstance abuse, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform his past relevant work as a communications webmaster and an EDI computer programmer. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff challenges the hearing decision on three broad grounds: (1) the Appeals Council failed to consider new and material evidence of his disability; (2) the ALJ improperly rejected the opinions of his treating physicians and a testifying medical expert; and (3) the ALJ improperly evaluated his credibility.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the Appeals Council failed to properly consider new and material evidence of his disability, specifically: (1) medical records from various treating physicians,[1] and (2) a letter from the Texas Department of Assistive and Rehabilitative Services ("TDARS") stating that plaintiff is "unable to work at this time." In denying plaintiff's request for review, the Appeals Council stated that it considered the additional evidence, but concluded that the information did not

---

[1] The court notes that some of the medical evidence plaintiff identifies as "new" was actually presented to the ALJ prior to the administrative hearing. (*Compare* Tr. at 402-403 *with id.* at 747-48, *and id.* at 480 *with id.* at 615).

provide a basis for changing the ALJ's decision. (*See id.* at 5-6). The Council did not specifically address either the medical records submitted by plaintiff or the TDARS letter.

The Social Security Act, read in conjunction with the enabling regulations, requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Rodriguez v. Barnhart*, 252 F.Supp.2d 329, 336 (N.D. Tex. 2003), *citing* 20 C.F.R. § 404.970(b); *see also Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985) (all evidence, including new evidence, must be reviewed by the Appeals Council in making its decision). However, new evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *Moore v. Astrue*, No. 3-07-CV-2017-B, 2009 WL 5386134 at *3 (N.D. Tex. Nov. 13, 2009), *rec. adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134 at *3, *citing Castillo*, 325 F.3d at 551-52. If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *Higginbotham v. Barnhart*, 163 Fed.Appx. 279, 281-82, 2006 WL 166284 at *2 (5th Cir. Jan.10, 2006); *see also Jones v. Astrue*, 228 Fed.Appx. 403, 406-07, 2007 WL 1017095 at *3 (5th Cir. Mar. 29, 2007), *cert. denied*, 128 S.Ct. 707 (2007) (warning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard).

Here, plaintiff fails to demonstrate that any of the new evidence is material. The medical evidence provided by plaintiff to the Appeals Council consists mainly of records documenting his subjective complaints of chronic pain and his pain management treatment history. (*See Tr.* at 622-

61). Those records are merely cumulative of other medical evidence submitted to the ALJ. (*See id.* at 292-301, 361-71, 407-11). Because the ALJ expressly considered and rejected similar evidence, (*see id.* at 18-19), there is no reasonable probability that the medical records provided by plaintiff to the Appeals Council would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134 at *3 (cumulative evidence is not material evidence that justifies a remand).

The court reaches the same conclusion with respect to the TDARS letter. In that letter, the agency notified plaintiff that he was not a suitable candidate for vocational rehabilitation services due to an unspecified medical condition that precluded him from working "at this time." (*See* Tr. at 750). Whether plaintiff meets the disability requirements under the Social Security Act is a legal issue that is expressly reserved for the ALJ. *See Martinez*, 64 F.3d at 176, *citing Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) ("[T]he ALJ has sole responsibility for determining a claimant's disability status."). The unsupported opinion of a TDARS counselor that plaintiff is "unable to work at this time" is entitled to no weight. In addition, the ALJ expressly considered and rejected a similar conclusion offered by Dr. Andrew Konen, a treating physician, as not supported by objective medical evidence. (*See* Tr. at 19). Thus, there is no reasonable probability that the TDARS letter would have changed the Commissioner's decision.[2]

## C.

Next, plaintiff contends that the ALJ improperly rejected the opinions of two treating physicians and a testifying medical expert, all of whom said that he is unable to work. In a report dated December 6, 2004, Dr. Donald MacKenzie, an orthopedic surgeon, detailed plaintiff's history

---

[2] To the extent plaintiff argues that reversal is required because the Appeals Council failed to specifically address this new evidence, such an argument is without merit. The Appeals Council is not required to provide a detailed analysis of, or otherwise explain the weight given to, new evidence. *See Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005); *Henderson v. Astrue*, No. 3-10-CV-0589-D, 2011 WL 540286 at *4 (N.D. Tex. Feb. 15, 2011).

of severe, chronic back pain with symptoms in his left lower extremity. The report states that another physician concluded that plaintiff was a poor candidate for surgery due to psychological reasons, but plaintiff told Dr. MacKenzie that he was "unaware of any psychological stress except the *inability to work because of pain* and because there is no work to be found in his field (communications contract negotiation) at the present time." (Tr. at 428) (emphasis added). On December 13, 2006, Dr. Andrew Konen, a pain management specialist, wrote a letter to the Texas Attorney General concerning plaintiff's child support obligations in which he explained that plaintiff suffers from degenerative disc disease and "is unable to work now and at any time in the future." (*Id.* at 574). At the administrative hearing, Dr. George Dixon, a medical consultant, confirmed that plaintiff suffered from degenerative disc disease at L5-S1, and testified that the impairment equaled Listing 1.04A[3] because plaintiff's depression and negativity prevented him from ever responding positively to surgery. (*Id.* at 775-76). The ALJ rejected the opinions of Dr. Konen and Dr. Dixon as unsupported by objective medical evidence. (*Id.* at 19). Instead, the ALJ accepted the opinion of a non-examining physician who determined that plaintiff's impairments, while severe, did not meet or equal any impairment listed in the social security regulations and were not disabling. (*Id.*).

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2);

---

[3] Listing 1.04A covers disorders of the spine, including degenerative disc disease, resulting in compromise of a nerve root or the spinal cord, with:

> Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

*see also Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

>   (1) the physician's length of treatment of the claimant;
>
>   (2) the physician's frequency of examination;
>
>   (3) the nature and extent of the treatment relationship;
>
>   (4) the support of the physician's opinion afforded by the medical evidence of record;
>
>   (5) the consistency of the opinion with the record as a whole; and
>
>   (6) the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

Similarly, an ALJ is not bound by the opinion of a non-treating medical source. *See* SSR 96-6p, 1996 WL 374180 at *2 (SSA Jul. 2, 1996). While an ALJ who rejects the opinion of a treating physician must explain the reasons for doing so, the social security regulations merely require that

the ALJ reflect that consideration was given to a medical consultant's opinion. *Id.*; *see also* 20 CFR §§ 404.1527 & 416.927; *Gomez v. Barnhart*, No. SA-03-CA-1285-XR, 2004 WL 2512801 at *2 (W.D. Tex. Nov. 5, 2004) (ALJ complies with regulations if resulting decision reflects that consideration was given to medical consultant's opinion).

In a thorough and well-reasoned decision, the ALJ explained why she rejected the opinions of plaintiff's treating physicians and the testifying medical expert regarding his ability to work:

> Ruling 96-5p provides that the nonexamining physician's opinion must be considered as an expert opinion on the questions reserved to the Commissioner, such as deciding whether the claimant's impairment meets or equals a listing. In this case, the physician determined that the claimant's impairment was severe but did not meet or equal a listed impairment and was not otherwise disabling. I concur with these findings because they are not inconsistent with the conclusions of the treating and consulting physicians as well as the testimony of the impartial medical experts.
>
> The claimant alleges unwavering, unremitting pain as well as loss of function and memory. This degree of pain, according to Dr. Dixon, is a psychological problem which, added to the claimant's physical impairment, equals 1.04. I reject that opinion as unsupported by objective medical records. I note that the claimant has a long history of chronic polysubstance abuse as noted by treating physicians and consulting examiners. Dr. James Quinn diagnosed narcissistic personality DSM4 301.81 and narcotic addition and personality disorder. At that time Dr. Quinn gave him a GAF of 53. Dr. Feir noted that the consulting examiner, Dr. Stevenson, diagnosed a provisional pain disorder with a GAF of 45. She opined that while the GAF is low, it is [not] controlling as it was based on a one day assessment and is not consistent with the record as a whole.
>
> * * * *
>
> I reject the conclusory statement of Dr. Konen as to the claimant's inability to work as not supported by the totality of the objective medical evidence. Indeed, in May 2004 Dr. David Bauer reported that "this patient's **continued negative outlook**" raises concerns about a surgical procedure. I find that the claimant's negative outlook is significant as to his alleged inability to work.

(Tr. at 19) (emphasis in original) (internal citations omitted). This explanation constitutes "good cause" for giving the medical source opinions of Dr. MacKenzie, Dr. Konen, and Dr. Dixon limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 1527(d)(2), she cited to the relevant regulations and social security rulings, indicating that each factor was considered. (*See id.* at 16-19). The regulations require only that the Commissioner "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to the treating source opinion. *See* 20 C.F.R. § 1527(d)(2). The ALJ need not recite each factor as a litany in every case. *See Johnson v. Astrue*, No. 3-08-CV-1488-BD, 2010 WL 26469 at *4 (N.D. Tex. Jan. 4, 2010). Moreover, the statements by Dr. MacKenzie and Dr. Konen that the plaintiff is "disabled" and "unable to work" are not medical opinions and, thus, have no special significance. 20 C.F.R. § 404.1527(e)(1); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (determination that claimant is "unable to work" is a legal conclusion reserved to the Commissioner).

The ALJ was not required to accept Dr. Dixon's testimony that plaintiff had a medically determinable impairment that equaled in severity an impairment listed in the social security regulations. (*See* Tr. at 773-74). As the ALJ explained in her written decision, that opinion is contrary to the objective medical evidence, which does not indicate that the combination of plaintiff's physical and mental impairments are disabling. *See Taylor v. Apfel*, 228 F.3d 409 (Table), 2000 WL 1056273 at *1 (5th Cir. Jul. 24, 2000) (ALJ may reject the opinion of *any* physician if not supported by the record); *Hutchison v. Apfel*, No. 2-98-CV-087, 2001 WL 336986 at *8-9 (N.D. Tex. Mar. 9, 2001) (ALJ is entitled to reject opinion of medical expert if evidence supports contrary conclusion or if opinion is not adequately supported by the record as a whole). Nor was the ALJ required to recontact Dr. MacKenzie and Dr. Konen to clarify the record regarding plaintiff's alleged inability

to work. Under the social security regulations, an ALJ is required to recontact a medical source only "[w]hen the evidence . . . from [the] treating physician or psychologist or other medical source is inadequate for [the Commissioner] to determine whether [the claimant is] disabled." *Cornett v. Astrue*, 261 Fed.Appx. 644, 648, 2008 WL 58822 at *3 (5th Cir. Jan. 3, 2008), *quoting* 20 C.F.R. § 416.912(e). In this case, there is no indication that the ALJ found the evidence inconclusive or inadequate to render a decision, or that Dr. MacKenzie and Dr. Konen could have provided any additional information that would have been helpful to plaintiff. Without such evidence, there is no basis for a remand. *See Newton*, 209 F.3d at 458 (remand required only if claimant shows prejudice resulting from ALJ's failure to request additional information); *Hector v. Barnhart*, 337 F.Supp.2d 905, 926-27 (S.D. Tex. 2004) (same).

D.

Finally, plaintiff contends that the ALJ improperly evaluated his credibility. At the administrative hearing, plaintiff testified that he was disabled due to chronic pain. (*See* Tr. at 756). Plaintiff explained that he tries to manage his pain by sleeping intermittently throughout the day and reclining when possible. (*See id.* at 758, 791). According to plaintiff, he requires assistance with almost all activities of daily living, including getting out of bed, showering, dressing, and cooking. (*Id.* at 788, 790). The ALJ rejected plaintiff's testimony regarding the severity and duration of his symptoms as " disproportionate to the objective findings." (*See id.* at 19).

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186 at *2 (SSA Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and

limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3. Although the ALJ must give specific reasons for her credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005), *citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

Here, the ALJ used the proper legal standards in assessing plaintiff's credibility, and the resulting determination is supported by substantial evidence. The ALJ cited to the applicable regulations, summarized the evidence, and articulated legitimate reasons for finding that plaintiff's testimony was not entirely credible. (Tr. at 16-19). Contrary to plaintiff's argument, the ALJ did not

ignore his treatment history or other factors relevant to assessing credibility. (*See id.*). Not only is there no objective medical evidence to suggest that plaintiff is precluded from all work activity, but the ALJ's credibility determination is supported by the conclusions of multiple state agency physicians who found that plaintiff's allegations were not supported by medical evidence. (*See id.* at 99-106, 107-114, 115-22, 123-36). No error occurred in this regard. *See, e.g. Salgado v. Astrue*, 271 Fed.Appx. 456, 2008 WL 828945 at *6 (5th Cir. Mar. 28, 2008) (upholding credibility determination made by ALJ notwithstanding failure to address each regulatory factor); *Undheim v. Barnhart*, 214 Fed.Appx. 448, 2007 WL 178062 at *2 (5th Cir. Jan. 19, 2007) (same).

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: March 11, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE